IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FREDDIE WILLIS,

        Plaintiff,

vs.

CITY OF OMAHA,

        Defendant.

8:19CV211

MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's first cause of action under Fed. R. Civ. P. 12(b)(6) as to the claims for assault and battery. Filing No. 3. Plaintiff filed this action based on allegations that he was beaten by several members of the Omaha Police Department on October 18, 2018, during an arrest. Filing No. 1. Plaintiff did not respond to this motion.

**STANDARD OF REVIEW**

*Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the

complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in the complaint as true and draw reasonable inferences in favor of the nonmoving party. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Iqbal*, 556 U.S. at 679. First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. The Court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). The question at this preliminary stage is not whether a plaintiff might be able to prove its claim, but whether it has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. *Id.* The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6).

*Twombly*, 550 U.S. at 558; Iqbal, 556 U.S. at 679. Dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

As to the claims for assault and battery, defendant contends that these claims are covered by the Nebraska Political Subdivisions Tort Claims Act. To the extent that plaintiff is seeking to recover under state tort law, argues defendant, the City of Omaha is immune from suit under the theory of sovereign immunity. *See* Neb. Rev. Stat. §§13-901. The Act defines a "tort claim" as: "any claim against a political subdivision for money … on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death . . ." Neb. Rev. Stat. § 13-903(4). In this case the plaintiff is asking for monetary damages. The Unicameral has stated that "no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act." Neb. Rev. Stat. § 13-902. Further, the Act does not apply to:

> "(7) Any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights . . ."

Neb. Rev. Stat. § 13-910(7).

The Court has carefully reviewed the record, and in particular the motion, brief, and the complaint and finds the motion to dismiss should be granted. These allegations referring to intentional assault and battery are clearly barred and are subject to the Nebraska Political Subdivisions Tort Claims Act as well as sovereign immunity. *See McKenna v. Jullian*, 277 Neb. 522, 528 (2009); Neb. Rev. Stat. § 13-910(7). Accordingly, the Court will grant the motion to dismiss.

THEREFORE, IT IS ORDERED THAT defendant's motion to dismiss, Filing No. 3, plaintiff's claims in the First Cause of Action of the Complaint for assault and battery, is granted.

Dated this 12th day of August 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge