IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FREDDIE WILLIS,

        Plaintiff,

vs.

THE CITY OF OMAHA, NEBRASKA,

        Defendant.

8:19CV211

MEMORANDUM AND ORDER

        This matter is before the Court on the findings and recommendation of the magistrate judge, Filing No. 18. Plaintiff filed this action based on allegations that he was beaten by several members of the Omaha Police Department on October 18, 2018, during an arrest. Filing No. 1. On or about October 17, 2019, the magistrate judge permitted plaintiff's attorney to withdraw from the case. Filing No. 13. The magistrate judge told plaintiff that he must comply with all orders of the Court and meet all deadlines, or his case would face sanctions or dismissal. Plaintiff's former attorney indicated by affidavit that the order was sent to the plaintiff by certified mail to plaintiff's last known address. The mail was not returned as undeliverable.

        Thereafter, plaintiff failed to attend an ordered phone status conference. The magistrate judge rescheduled the phone conference and ordered that further failure to appear could result in sanctions or a recommendation that this case be dismissed. Filing No. 16. Plaintiff did not appear for second phone conference, nor did he communicate

with the Court regarding the same.[1] The magistrate judge determined that plaintiff has not diligently prosecuted his case and has failed to comply with Court orders. The magistrate judge recommended that this case be dismissed.

A district court reviews *de novo* those portions of a magistrate's order that are objected to by a party. Grinder v. Gammon, 73 F.3d 793, 792 (8th Cir. 1996). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law. Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A). In this case, no objections were filed.

Pursuant to Fed. R. Civ. P. 41(b), all parties are required to actively prosecute their cases. In this case, the plaintiff has clearly not done so. Failure to do so may result in dismissal of the case. "The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. See Roberts v. Missouri Div. of Employment, 636 F.2d 249, 250 (8th Cir. 1980)." The Court finds that the magistrate judge is correct as a matter of fact and law. Accordingly, the Court will adopt the report and recommendation of the magistrate judge.

**THEREFORE, IT IS ORDERED THAT:**

1. The recommendation of the magistrate judge, Filing No. 18, is adopted in its entirety;

---

[1] Previously, the defendant filed a motion to dismiss, Filing No. 3, plaintiff's first cause of action, which this Court granted. Filing No. 5. Plaintiff did not file a response to this motion to dismiss either.

2. This case is dismissed without prejudice; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 17th day of July, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge